UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LINDA DOGGETT, as Clerk of the Court for Lee County, Florida, and on behalf of all others similarly situated,

            Plaintiff,

vs.                              Case No. 2:12-cv-553-FtM-29DNF

FEDERAL HOUSING FINANCE AGENCY, as Conservator for Federal National Mortgage Association and Federal Home Loan Mortgage Corporation, FEDERAL NATIONAL MORTGAGE ASSOCIATION, a federally chartered corporation a/k/a Fannie Mae, FEDERAL HOME LOAN MORTGAGE CORPORATION, a federally chartered corporation a/k/a Freddie Mac,

            Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on Defendants' Motion to Dismiss the Plaintiff's Complaint (Doc. #11) filed on October 12, 2012. Plaintiff filed a Response in Opposition (Doc. #22) on November 15, 2012. On December 13, 2012, defendants filed a Reply (Doc. #28). Additionally, defendants filed four Notices of New Authority (Docs. ## 29, 30, 31, 35). For the reasons set forth below, the motion is granted.

**I.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that

the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This is "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011)(citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012)(internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity

and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

## II.

On October 5, 2012, plaintiff Linda Doggett, Clerk of the Circuit Court in and for Lee County, Florida (Doggett)[1] filed a two-count Class Action Complaint (Doc. #2) against defendants Federal National Mortgage Association (Fannie Mae), Federal Home Loan Mortgage Corporation (Freddie Mac), and Federal Housing Finance Agency as Conservator for Fannie Mae and Freddie Mac (FHFA). Plaintiff alleges that: (1) Fla. Stat. § 201.02 "imposes a documentary tax on documents that transfer an interest in Florida real property," (Doc. #2, ¶ 8); (2) defendants Fannie Mae and Freddie Mac have transferred title and ownership to properties subject to foreclosure, (id., ¶¶ 14, 20); (3) defendants have not paid documentary taxes for the transfers, (id., ¶ 21); and (4) instead, defendants have claimed that state and federal law exempts them from paying the tax, (id., ¶¶ 19, 22). Plaintiff contends that these exemptions do not apply and brings claims against defendants for non-payment of documentary taxes and unjust enrichment. (Doc. #2.) Defendants now move to dismiss the Class Action Complaint, arguing that federal law exempts defendants from paying the tax. (Doc. #11.)

---

[1] The Class Action Complaint was filed by Charlie Green, who has since been succeeded by Linda Doggett as the Lee County Clerk of Court. (Doc. #28.)

Fannie Mae's federal charter, Freddie Mac's federal charter, and the Housing and Economic Recovery Act of 2008, each provide that defendants "shall be exempt from all taxation" imposed by any State, county, municipality, or local taxing authority. 12 U.S.C. §§ 1452(e), 1723a(c)(2), 4617(j)(2).[2] The primary issue in dispute is whether "all taxation" applies only to direct taxes or also extends to excise taxes, such as documentary taxes. Plaintiff asserts that "[t]he law in this regard has been well settled since the Supreme Court held that a general exemption from 'all taxation' does not extend to an exemption from excise taxes." (Doc. #22, p. 7)(emphasis omitted)(citing United States v. Wells Fargo, 485 U.S. 351, 355-56 (1988)). Defendants, on the other hand, suggest that the plain language of the exemptions immunize defendant from all taxes including excise taxes. (Doc. #11, pp. 7-12.)

Over the last two years, nearly identical claims have been filed by various state and local officials against defendants in several federal courts including the Middle District of Florida's Tampa Division, the Eastern and Western Districts of Michigan, the District of Columbia, the Northern District of Illinois, the Eastern District of Pennsylvania, the District of Minnesota, the District of Maryland, the District of New Jersey, the Middle

---

[2]The provisions include an exception for a direct tax on real property, which is inapplicable here.

District of Alabama, and the Middle District of Georgia.³ Each of these cases has addressed the issue of whether the exemptions apply in the context of documentary taxes. Plaintiff cites to Oakland Cnty. v. Fed. Hous. Fin. Agency, 871 F. Supp. 2d 662 (E.D. Mich. 2012), which found the county's argument persuasive and entered summary judgment for the county. (Doc. #2, ¶¶ 24, 25; Doc. #22, p. 13.) However, the Sixth Circuit has recently vacated that decision and remanded with instructions to enter summary judgment for defendants. Cnty. of Oakland v. Fed. Hous. Fin. Agency, Nos. 12-2135, 12-2136, --- F.3d ---, 2013 WL 2149964 (6th Cir. May 20, 2013). The Sixth Circuit held that the provisions at issue plainly state that defendants are exempt from "all taxation" including excise taxes and that the county's argument was without merit. Id.

---

³Nicolai v. Fed. Hous. Fin. Agency, No. 8:12-cv-1335-T-33EAJ, --- F. Supp. 2d ---, 2013 WL 899967 (M.D. Fla. Feb. 12, 2013); Oakland Cnty. v. Fed. Hous. Fin. Agency, 871 F. Supp. 2d 662 (E.D. Mich. 2012), vacated, 2013 WL 2149964 (6th Cir. May 20, 2013); Hertel v. Bank of Am., 897 F. Supp. 2d 579 (W.D. Mich. 2012); Hager v. Fed. Nat'l Mortg. Ass'n, 882 F. Supp. 2d 107 (D.D.C. 2012); Fannie Mae v. Hamer, No. 12 C 50230, 2013 WL 591979 (N.D. Ill. Feb. 13, 2013); Del. Cnty. v. Fed. Hous. Fin. Agency, Civil Action No. 12-4554, 2013 WL 1234221 (E.D. Pa. Mar. 26, 2013); Hennepin Cnty. v. Fed. Nat'l Mortg. Ass'n, No. 12-2075(DSD/TNL), --- F. Supp. 2d ---, 2013 WL 1235589 (D. Minn. Mar. 27, 2013); Vadnais v. Fed. Nat'l Mortg., No. 12-1598(DSD/TNL), 2013 WL 1249224 (D. Minn. Mar. 27, 2013); Montgomery Cnty. v. Fed. Nat'l Mortg. Ass'n, No. 13-0066, 2013 WL 1832370 (D. Md. Apr. 30, 2013); Cape May Cnty. v. Fannie Mae, No. 12-cv-4712 (D.N.J. Apr. 30, 2013); Montgomery Cnty. Comm'n v. Fed. Hous. Fin. Agency, No. 2:12cv885-MHT, 2013 WL 1896256 (M.D. Ala. May, 6, 2013); Athens-Clarke Cnty. Unified Gov't v. Fed. Hous. Fin. Agency, 5:12-cv-355 MTT, --- F. Supp. 2d ---, 2013 WL 2102922 (M.D. Ga. May 14, 2013).

The remaining cases have similarly found that the plain language of the exemptions immunizes defendants from excise taxes and have granted defendants' motion to dismiss.

The Court agrees with the reasoning of the Sixth Circuit and the many district courts which have previously addressed this issue and finds that the plain language of the provisions exempt defendants from owing documentary taxes due under Fla. Stat. § 201.02.  Therefore, the motion to dismiss is granted.

Accordingly, it is now

**ORDERED**:

1. Defendants' Motion to Dismiss the Plaintiff's Complaint (Doc. #11) is **GRANTED** and the Class Action Complaint (Doc. #2) is **DISMISSED WITH PREJUDICE.**

2.  The Clerk shall enter judgment accordingly, terminate all deadlines and close the case.

**DONE AND ORDERED** at Fort Myers, Florida, this <u>13th</u> day of June, 2013.

_____
JOHN E. STEELE
United States District Judge

Copies: Counsel of record